REUBEN MILLER, Appellant, *v.* NATHANIEL M. WHITTAKER, Appellee.

WILLIAM H. YOUNG, Apellant, *v.* REUBEN MILLER, Appellee.

### APPEAL FROM LOGAN.

On a bill filed for relief, where notes have been given and conveyances made to an agent, in his own name, in consideration of a patent right, the principal should be made a party, that he may defend his interest. The agent is supposed to be a trustee for his principal.

Such a bill should offer to reconvey the patent right.

WHITTAKER filed his bill herein June 6th, 1854, in the Logan Circuit Court, alleging: That about the 7th day of January, A. D. 1853, Miller was recommending in complainant's neighberhood, a patent cast iron cemetery tomb or monument, the patent right of which he was desirous of selling, representing himself as the agent of Henry R. Flinchbaugh, the patentee; that Miller made many misrepresentations for the purpose of selling the same, as to its popularity, usefulness, cheapness, etc., asserting that it was cheaper, more durable and elegant than marble ; that it was fifteen times cheaper, etc. ; that influenced by these misrepresentations of Miller, complainant, on the 7th of February, 1853, bought of Miller all the right, title and interest of said Flinchbaugh in the said patent for the counties of Logan, McLean, De Witt, Piatt and Macon ; that Miller, on said day, executed a deed for the same as attorney in fact of Flinchbaugh, the patentee, and duly acknowledged the same ; that complainant was to pay Miller the sum of $1,000 for the patent right to said counties, and that on the 16th day of February, 1853, he executed to said Miller a deed of conveyance for the N. half of S. E. qr. of Sec. 16, T. 19, R. 2 W., which land was in consideration of said patent right, and in place of the $1,000.

Bill further alleges, that a few days afterwards complainant purchased of said Miller all the right of Flinchbaugh, the patentee, to the patent right for said iron tomb to all the other counties of the State, excepting certain counties named, for the sum of $1,000, to pay which, he, on the 17th day of February, 1853, executed to said Miller two notes of $500 each, one payable the 1st of January, 1854, and the other 1st of May, 1854; that complainant has paid since $125 on one of these notes ; that after this second purchase, the deed of Flinchbaugh, conveying the patent to him, was altered so as to convey all the territory embraced by both purchases, and to express the con-

sideration to be $2,000 instead of $1,000. The deed of Flinch-baugh, executed by Miller as attorney in fact, is made an exhibit with the bill. That complainant not being fully satisfied with the deed of Flinchbaugh as executed, procured Miller to execute another deed, which complainant thinks was a duplicate of the deed exhibited, and which was acknowledged and sent to Washington to be recorded in the patent office.

The bill alleges that all the representations of Miller were false and fraudulent, and that he was induced by said representations to purchase; also alleges that the patent is void.

Also avers that complainant, at the time of purchase, was so intoxicated and stupified by the excessive use of spirituous liquor, that he did not know what he was doing; that Miller not only knew this, but in a great measure caused it, and encouraged and prolonged it for the purpose of taking advantage of complainant. Charges that Miller still holds the land conveyed to him, and the promissory notes. Bill makes Miller defendant, and prays a rescission of the contract, and that Miller be compelled to surrender the notes executed, and reconvey the land, and also repay the money paid upon the notes, and also expenses incurred.

Miller answered, denying the allegations of the bill, and replication was filed thereto.

The cause was heard upon bill, answer, exhibits and depositions, and a decree rendered, " That the contract set forth in said bill be rescinded and held for nought; that the said Reuben Miller reconvey by deed (land described in the bill) to said Nathaniel M. Whittaker, in thirty days, or in default that the master in chancery make said deed; that said two notes for $500 each, described in said bill as given by said Whittaker to said Miller, be held to be forever canceled, and as such, be delivered up by the clerk of this court to the said Whittaker; and that the said Miller pay back to the said Whittaker the $125 paid by said Whittaker on one of said notes, and that he have execution therefor."

Errors assigned are:

1st. The court erred in not dismissing the bill upon hearing for the want of necessary parties to the suit.

2nd. The court erred in not dismissing the bill for the want of the necessary allegations therein to entitle the complainant to the relief prayed.

3rd. There were no allegations in the bill, showing an offer or tender back of the title, and rights and interest acquired by the complainant by the deed of Flinchbaugh, and until this was done, he was in no condition to have the contract rescinded, and the court erred in sustaining the bill without these allegations.

4th.    The bill was further fatally defective in not affirmatively showing that complainant and defendant could be placed in *statu quo* by a rescission of the contract.   For aught that appears, the complainant may have transferred the whole or a portion of the interest acquired by his deed from Flinchbaugh.

5th.    The court erred in not decreeing a surrender and cancelation of the deed of Flinchbaugh on the part of the complainant.

6th.    Upon the evidence and pleadings before the court, the court should have dismissed the bill, as the evidence did not sustain the allegations of the bill.

7th.    The general assignment of errors.

Young filed his bill against Miller, in the Logan Circuit Court, A. D. 1854, to set aside a conveyance and rescind a contract for the sale of a patent right.   The allegations of the bill ·are substantially as follows :   That in the year 1853, Miller, who represented himself as the duly authorized agent of Henry R. Flinchbaugh, who was the owner of a patent cast iron cemetery tomb, and that he was the owner of said patent right to the State of Michigan ; that said Miller made false and fraudulent representations concerning the durability, cost, and usefulness of said cast iron tomb ; that he falsely and fraudulently represented said patent to be for a cast iron tomb, and covering the right to use cast iron for such purposes ; that said patent was only for a design for a certain combination of ornaments for a cast iron tomb ; that Young, through such representations, ·was induced by Miller to purchase said pretended patent for the State of Michigan ; that in payment for the same, Young conveyed to Miller 160 acres of land in Logan county.

The allegation then is, that there was fraud and misrepresentation ; that the patent was worthless ; that it was not an invention within the meaning of the patent laws, because it was not new and original, and because it was of no utility, etc.

The answer of the defendant is substantially as follows :   Admits the sale of the patent as stated ; admits making the representations charged, but alleges they were only matters of opinion ; denies the fraud charged, and to which there was a replication.

The bill, exhibits and evidence were submitted to the court, who, after taking the same under consideration, refused to grant the relief prayed for, and ordered and decreed, that the bill should be dismissed, from which decree appeal is taken.

Logan & Hay, and Lincoln & Herndon, for Appellants.

W. H. Young, and Stuart & Edwards, for Appellees.

CATON, C. J. . Flinchbaugh should undoubtedly have been made a party. These bills show that Miller sold and conveyed the patent right to the complainants, as the agent and attorney of Flinchbaugh, and although the deeds of the land and the notes · may have run to him personally, he received them in trust for his principal, and in equity the principal's rights must be regarded, and he must have an opportunity of defending them. The bill is also defective in not offering to re-convey the titles to the patent. The complainant cannot get relief by a rescission of the contracts, without placing the other party in statu quo.

. In the last case we should be induced to reverse the decree upon the merits, but as Flinchbaugh is not a party, and would not be concluded, the same order will have to be entered in both cases.

The decrees in both cases are reversed, and the suits remanded, with leave to the complainants to amend their bills and make Flinchbaugh a party.

*Reversed and remanded.*